NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1728
_____

LORI NIGRO, as parent and natural guardian of O.S., a minor, and in her own right,
Appellant

v.

CENTRAL WESTMORELAND AREA VOCATIONAL TECHNICAL SCHOOL
AUTHORITY, doing business as Central Westmoreland Career and Technology
Center; CHRISTOPHER KING
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-21-cv-00552
District Judge: The Honorable Nora B. Fischer
_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 10, 2023

Before: CHAGARES, *Chief Judge*, SCIRICA, and SMITH, *Circuit Judges*

(Filed: February 14, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SMITH, *Circuit Judge.*

Lori Nigro's minor daughter, O.S., was seriously injured by a piece of flying metal while attending shop class at Central Westmoreland Area Vocational-Technical School. According to the operative Complaint, O.S.' shop teacher Christopher King instructed the class to gather around him and to observe a test that he was about to conduct on a student-constructed engine. Plaintiff further alleges that King failed to inspect the engine or to instruct the students as to any safety precautions that should be taken prior to his testing the engine. Unfortunately, the engine was defective. When King started it, a large piece of metal flew from the engine and struck O.S.'s face, causing severe injuries.

Nigro sued the Central Westmoreland Area Vocational-Technical School Authority ("Central Westmoreland") and King (collectively, "Defendants") in Pennsylvania state court. Nigro brought claims on O.S.' behalf for adoption of an unsafe policy or practice, failure to train, injury resulting from a state-created danger, and negligence. Nigro also brought a claim on her own behalf for "loss of services." Central Westmoreland removed the action to federal court. On Defendants' motion, the District Court dismissed all of Nigro's claims with prejudice. As to the state-created danger claim, the District Court determined that Nigro failed adequately to allege that King consciously disregarded a known risk to the students and thus

2

concluded that Nigro had not pled the necessary elements of a state-created danger claim.

Nigro moved to alter the judgment to one of dismissal without prejudice or, alternatively, to amend the complaint. Nigro attached to this motion a proposed amended complaint that contained more detailed allegations about the defective engine and King's attempt to remedy the defect. Specifically, Nigro alleged that the defective engine had a broken crank shaft, that the students used a different model crank shaft in lieu of the correct model, that the improper crank shaft could have been made safe with the installation of a $100 wiring harness, and that King instead attempted to jury-rig the replacement crank shaft with spare parts held together by a clamp. But the District Court determined that the proposed amended complaint still did not adequately allege that King demonstrated deliberate indifference to O.S. and other students because the new allegations did not plausibly support the inference that King actually knew that his jury-rigged crank shaft posed a danger to the students. Accordingly, the District Court denied Nigro's motion to amend as futile.

Nigro timely appealed.[1] On appeal, she contends that the District Court erred by dismissing her state-created danger claim and by denying her request to alter the

_____

[1] The District Court exercised jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's determination that the operative complaint failed to state a claim upon which relief can be granted. *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). And though the "decision on whether to permit amendment of the pleadings generally falls within

3

judgment or amend the complaint.[2] We agree with the District Court and will affirm both orders.

First, the District Court did not err in dismissing Nigro's state-created danger claim as alleged in the operative Complaint. As one element of a state-created danger claim, a plaintiff must allege that the defendant's actions "shock the conscience." *Kedra v. Schroeter*, 876 F.3d 424, 437 (3d Cir. 2017) (cleaned up). A plaintiff can satisfy this prong by pleading that the defendant had "the opportunity to exercise unhurried judgment" and acted in "conscious disregard of a substantial risk of serious harm" or otherwise "ignore[d] a foreseeable danger." *Id.* Mere negligence does not suffice. *Id.* Here, the Complaint alleges that King failed to inspect the engine or provide the students with safety instructions before testing the student-constructed engine in close proximity to the students.[3] While these allegations may suggest some level of imprudence, they do not support the reasonable inference that King consciously disregarded a risk to O.S. or other students.

---

the District Court's discretion," we review that decision de novo where, as here, "amendment is denied for legal reasons . . . such as when the proposed amendment would fail to state a claim." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017).

[2] Nigro does not discuss her unsafe policy or practice, failure to train, negligence, or loss of services claims and appears to have abandoned those claims on appeal.

[3] In determining whether Nigro stated a claim for relief, we need not credit mere conclusory statements and instead ask only whether the Complaint includes "factual content that [supports] the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nor did the District Court err in denying Nigro's motion to alter the judgment or file a second amended complaint. A district court need not grant a plaintiff leave to file an amended complaint if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Although the allegations in the proposed amended complaint further support the inference that King knew that the engine was defective, they do not provide any basis from which to infer that King knew that his quick fix on the crank shaft was inadequate and so posed "a substantial risk of serious harm" to the students. *Kedra*, 876 F.3d at 437. Thus the proposed amended complaint would meet the same fate as Nigro's operative Complaint, and the District Court rightly denied Nigro's motion as futile.

We therefore will affirm the District Court's orders.